## In re WILLIAM H. VAUGHAN & CO., INC., Debtor.

### Bankruptcy No. 84-00156G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 26, 1984.

Charles C. Coyne, Coyne & Perry, Anthony W. Novasitis, Jr., Philadelphia, Pa., for debtor, William H. Vaughan & Co., Inc.

Dudley Hughes, Detweiler, Hughes & Kokonos, Philadelphia, Pa., for movant, National Sec. Fire and Cas. Co.

Lonny Cades, Huntingdon Valley, Pa., for Ennia Ins. Co. (U.K.) Ltd.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the controversy before us is whether we should grant a creditor's motion to appoint a trustee in a chapter 11 proceeding pursuant to 11 U.S.C. § 1104 of the Bankruptcy Code ("the Code"). For the reasons expressed below, we will grant the motion.

The facts of this case are as follows:[1] The debtor is an insurance agent which has operated for the last several years under a contract with National Security Fire and Casualty Company ("National"), the movant in this case. Under the terms of the contract the debtor bore the responsibility to National to collect significant sums of money, account for said sums and ultimately remit a substantial portion of the funds to National. In the Spring of 1982, National suspected that the debtor was failing to account properly for the funds that were being collected on National's behalf. Its fears were not allayed and consequently National filed suit in state court in October of 1982 against the debtor and its president, William H. Vaughan ("Vaughan"), in which it sought an order compelling the debtor to fulfill its obligation to account for the funds which duty was imposed by Pennsylvania state law and the contract.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

The action culminated in the entry of a consent decree in which the parties agreed that the debtor owed National $35,000.00 which the debtor promptly deposited into a fiduciary account at a local bank. By that order the debtor further agreed to deposit in the account any future amounts that were payable to National. When National later realized that the debtor had not augmented the fund by any additional funds payable to National, it obtained an order from the state court in March of 1983, which directed the debtor to inform National of the amounts it (National) was owed. In September of that year the state court entered a consent order which declared that the debtor owed National $953,909.66, and ordered the debtor to deposit an amount into the fiduciary account sufficient to raise the balance of that account to the amount of the debt.

The debtor paid $139,541.69 in October of 1983, to Ennia Insurance Company ("Ennia") for reasons which are not adequately disclosed in the record. The following month the debtor transferred $300,000.00 to Vaughan and his wife in repayment of a sum of money which the couple had previously paid to one of the debtor's creditors in satisfaction of a debt on which Vaughan and his wife were sureties. In January of 1984 the state court ordered the debtor to deposit into the fiduciary account funds equaling the total of these two transfers by a date fixed in that order or suffer a judgment of contempt for failing to do so. Prior to the passage of the deadline contained in the order the debtor filed for reorganization under chapter 11 of the Code on January 17, 1984.

National asserts that a trustee should be appointed for several reasons among which are the following: the debtor failed to account for funds in its possession to which National was entitled; the debtor failed to comply with orders of the state court which directed the debtor to account properly for National's funds and to deposit certain funds in the fiduciary account; the debtor commingled its funds with those of Vaughan; and the debtor has failed to avoid transfers made to Ennia and Vaughan which ostensibly are avoidable under 11 U.S.C. § 547(b) of the Code. Since our holding is predicated on the facts underlying National's final contention, we will discuss that basis for relief to the exclusion of the rest.

Under § 547(b) [2] a debtor in possession or a trustee may avoid a transfer of the debtor's property which was executed within ninety days prior to the filing of the petition, if the transfer was made on account of an antecedent debt for the benefit of a creditor at a time when the debtor was insolvent, but only if the transfer allowed the creditor to receive more with the transfer than he would have received in a distribution of the debtor's estate in a chapter 7 proceeding had the transfer not been made. Although the record does not clearly disclose whether the transfer to Ennia occurred within the ninety day period prior to the filing of the petition, the transfer to Vaughan was effected within that time span and thus National has introduced evidence on subsection (4) of § 547(b). The facts outlined above also support a finding in favor of § 547(b)(1) and (b)(2) since the

---

**2.** (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

transfer was a payment on account of an antecedent debt owed to Vaughan in his capacity as a creditor. Section 547(f) states that a debtor is presumed to be insolvent during the ninety day period prior to the filing of the petition, which the debtor did not rebut, and thus National has met the requirements of element § 547(b)(3). Although no proof was offered as to § 547(b)(5), in the typical case an unsecured creditor such as Vaughan would, in fact, receive more through the alleged preference than he would have obtained if the creditor had received only his share of proceeds from the hypothetical chapter 7 proceeding rather than the purported preference. Although National failed to introduce evidence on § 547(b)(5) this failure is not determinative since the issue before us is whether a trustee should be appointed rather than whether we should award judgment on a complaint brought under § 547(b). To require a creditor to prove every element of a cause of action, such as those under § 547(b), would amount to a "pretrial" of the complaint which the trustee will likely bring if the movant is successful.

On the basis of the debtor's failure to commence proceedings for the avoidance of the transfer to Vaughan, we hold that a trustee is properly appointed under 1104(a) which states in part that "the court shall order the appointment of a trustee—... (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor of the amount of assets or liabilities of the debtor." This result is further supported by *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) and its progeny which indicate that a corporation's directors and majority stockholders are fiduciaries to the corporation and their "dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested in it." *Pepper v. Litton*, 308 U.S. at 306, 60 S.Ct. at 245. We cannot reasonably expect the debtor in possession, which is controlled by Vaughan, to subject to rigorous scrutiny the dealings between the two. Consequently, we will enter an order appointing a trustee.